UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CAROLE VUXTA,

                Plaintiff,

-vs-                                                      Case No. 2:04-cv-557-FtM-33SPC

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**ORDER**

This matter comes before the Court on the Plaintiff's Counsel Carol Avard's Motion for Attorney's Fees and Memorandum on Reasonable Attorney's Fees Pursuant to 42 U.S.C § 406(b) (Doc. #39) filed on April 27, 2010. Pursuant to M.D. Fla. Local Rule 3.01(g), the Plaintiff conferred with Defense Counsel Susan Waldron, who does not oppose the requested relief.

The Plaintiff in this cause sought judicial review of the Commissioner's denial of Social Security benefits. On, November 11, 2006, the Eleventh Circuit Court of Appeals vacated and remanded the decision of the District Court (Doc. # 34) affirming the decision of the Commissioner. The Plaintiff moved for attorney's fees pursuant to the Equal Access to Justice Act on December 6, 2007. The Court granted the Motion for Fees on December 7, 2006, (Doc. # 36), in the amount of $9,056.30. On April 15, 2010, the Plaintiff moved the Court for attorney's fees pursuant to 42 U.S.C. § 406(b). Forty-two U.S.C. § 406(b) allows an attorney representing a claimant for Social Security benefits to enter into a contingency fee arrangement as an alternative to hourly fee arrangements. The Plaintiff signed a contingency fee agreement with Atty. Avard to represent her in this case.

Under the terms of the contingency fee agreement Atty. Avard would receive fees amounting to twenty-five (25%) of the Plaintiff's recovery. Contingency fee agreements are not precluded by 42 U.S.C. § 406(b), as long as the percentage to be paid in fees is equal to or less than twenty-five percent (25%) of the Plaintiff's recovery. Gisbrecht v. Barnhart, 535 U.S. 789, 789, 122 S. Ct. 1817, 152 L. Ed. 996 (2002) (citing 42 U.S.C. § 406(b)(1)(A)(holding that "[a]n attorney who successfully represents a Social Security benefits claimant in court may be awarded as part of the judgment 'a reasonable fee... not in excess of 25 percent of the past-due benefits' awarded to the claimant."). "The fee is paid out of the judgment and not in addition to the amount of the past due benefits." Gisbrecht, 535 U.S. at 789.

"Most plausibly read, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Id. at 791. "Rather, § 406(b) calls for court review of such arrangements to assure that they yield reasonable results in particular cases." Id. "Within the 25 percent boundary Congress provided, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. "Courts have reduced the attorney's recovery based on the character of the representation and the results the representative achieved." Id. "If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." Id. "And if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." Id.

In this instance, the Plaintiff was awarded $70,381.50 in retroactive benefits. Atty. Avard moves the Court for $17,248.00 in attorney's fees which is approximately twenty-five percent (25%) of the Plaintiff's benefit recovery. Based upon the standards set forth by the Gisbrecht Court, this

Court finds that the Plaintiff's Counsel's fee is reasonable for the amount of time and effort devoted to this case over a period of several years including time spent representing the Plaintiff throughout the appeals process.

However, the Plaintiff's Counsel was previously paid $9,056.30 pursuant to the EAJA. In awarding Atty. Avard attorneys fees pursuant to § 406(b), the attorney's fees previously awarded under the EAJA are deducted. Thus, the Plaintiff is awarded $17,248.00 minus the $9,056.30 awarded under the EAJA for an award under § 406(b) of $8,191.70.

Accordingly, it is now

**ORDERED:**

The Plaintiff's Counsel Carol Avard's Motion for Attorney's Fees and Memorandum on Reasonable Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. #39) is **GRANTED**. The Court directs that Atty. Carol Avard, Esq. be awarded the sum of $17,248.00 for attorneys fees, less $9,056.30 previously awarded under the EAJA as a dollar for dollar offset, for a total of **$8,191.70**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___30th___ day of April, 2010.

_____
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record